## CAMPBELL v. SHIFFLETT.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 1, 1913. Rehearing Denied March 8, 1913.)

LIMITATION OF ACTIONS (§ 103*)—ACCRUAL OF RIGHT OF ACTION.

Where a vendor of land held a note for the purchase price in trust, as to the excess above a specified price per acre, for himself and for his broker who effected the sale, limitations did not begin to run in the vendor's favor against the broker, until the former repudiated such trust to the latter's knowledge.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 500, 506–510; Dec. Dig. § 103.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by E. L. Shifflett against J. I. Campbell. Judgment for plaintiff, and defendant appeals. Affirmed.

Penix & Eberhart, of Mineral Wells, for appellant. Gross & Gross, of Mineral Wells, for appellee.

SPEER, J. J. I. Campbell seeks by this appeal to reverse a judgment recovered against him by E. L. Shifflett, and the principal grounds upon which he seeks such reversal is that it finds no support in the testimony. The action was one by the appellee against the appellant to recover a sum alleged to be due as the plaintiff's share in certain profits alleged to have been received by the appellant as broker's commission justly owing to appellant and appellee. The petition made a case where appellee sold appellant's land upon an agreement whereby the parties were to divide, share and share alike, all sums of money received in excess of $10 per acre; that the land had been sold by appellee for $15 per acre, and the appellant had converted the entire amount to his own use. The defense was that appellant was to receive the sum of $15 per acre net, and, further, that plaintiff's cause of action was barred by the statute of limitations of two years.

The first, second, third, fourth, and fifth assignments of error making up the major part of appellant's brief all raise in one form or another the question of the sufficiency of the evidence to support the verdict specially upon the issue of limitations, but they are all overruled because appellee's testimony is sufficient to support his version of the contract, and because there is no statement following these assignments, or anywhere in the brief, as to that, showing when, if ever, the appellant converted to his own use the note representing the commissions recovered by appellee. In the light of appellee's allegations appellant held the note for the purchase price of the land as to the excess above $10 per acre in trust for himself and appellee, and under the law limitations would not begin to run in his favor un- til a repudiation of such trust and knowledge thereof brought home to appellee. Until such time appellee would have no cause of action against which limitations could run.

Appellant's defense was affirmatively submitted in the charge given, and there was therefore no need for giving the requested charges. Appellant suggests that appellee sought to avoid the bar of limitations by the plea that he and appellant were partners, and complains that the court assumed such fact to be true in the charge given but for the reason already indicated; that is, that no evidence is pointed out even raising the issue of limitations. This complaint of the charge need not be noticed.

We find no error in the judgment, and it is affirmed.